23-1305-cv
*Frentzel et al. v. Mohr et al.*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURTS LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of April, two thousand twenty-four.

Present:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge*,
> REENA RAGGI,
> BETH ROBINSON,
> > *Circuit Judges*.

_____

PATRICIA A. FRENTZEL, NANCY J. ANDERSON, WENDY A. VALINT, EVAN J. VALINT, SCOTT M. HENDERSON, CATHY A. HENDERSON, AND ERIK J. ANDERSON,

> *Plaintiffs-Appellants*,

> v.                                                    23-1305-cv

RALPH M. MOHR, JEREMY J. ZELLNER, ERIE COUNTY BOARD OF ELECTIONS, GEORGE M. HAUSS, ROGER A. COOK, LETITIA JAMES, KATHY HOCHUL, PETER S. KOSINSKI, DOUGLAS A. KELLNER, ANDREW J. SPANO, ANTHONY J. CASALE, AND NEW YORK STATE BOARD OF ELECTIONS,

> *Defendants-Appellees*.

_____

For Plaintiffs-Appellants:                    CHAD A. DAVENPORT (James J. Graber *on the brief*), Rupp Pfalzgraf LLC, Buffalo, NY.

For Defendants-Appellees:                    SARAH L. ROSENBLUTH, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Jeffrey W. Lang, Deputy Solicitor General, *on the brief*), *on behalf of* Kathy Hochul, Governor, Letitia James, Attorney General, State of New York.

Appeal from an order of the United States District Court for the Western District of New York (Sinatra, *J*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED**.

Patricia A. Frentzel ("Frentzel"), along with six registered members[1] of the Working Families Party ("WFP") (collectively, "Plaintiffs") appeal from an interlocutory order of the district court, denying, in relevant part, their request for a preliminary injunction concerning the June 27, 2023, WFP primary election for Town Clerk of Grand Island, New York.   Plaintiffs sought a preliminary injunction to restrain the Erie County Board of Elections ("ECBOE"), and all relevant officials, from enforcing New York Election Law § 8-308(4) and invalidating the write-in ballots cast for Frentzel during the WFP primary.[2]   Plaintiffs also sought a declaratory judgment, stating that Section 8-308(4) is facially unconstitutional or that certifying Hauss as the winner of the primary was unconstitutional as a matter of law.   Following oral argument, the district court denied Plaintiffs' requests to restrain ECBOE from enforcing Section 8-308(4) and

---

[1] Nancy J. Anderson, Wendy A. Valint, Evan J. Valint, Scott M. Henderson, Cathy A. Henderson, and Erick J. Anderson.

[2] Plaintiffs also sought, in the alternative, to prevent ECBOE from certifying George Hauss as the winner of the primary, and requested an award of litigation costs and any further relief as the district court considered just and proper.   The district court granted Plaintiffs' request to prevent ECBOE from certifying Hauss as the winner of the primary, and Plaintiffs do not in this appeal challenge that aspect of the district court's preliminary injunction order.

to order ECBOE to count all write-in votes cast for Frentzel. Because the district court only addressed Plaintiffs' request for preliminary injunctive relief and because the primary and general elections have long since concluded, this Court lacks jurisdiction over Plaintiffs' interlocutory appeal. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we discuss here only as necessary to explain our determination to dismiss this appeal as moot.

The WFP primary election has concluded. Frentzel won the November general election and was re-elected to the position of Town Clerk in Grand Island, New York.[3] We lack Article III jurisdiction because these intervening events "make[] it impossible for the court to grant 'any effectual relief whatever' to a prevailing party." *ABC, Inc. v. Stewart*, 360 F.3d 90, 97 (2d Cir. 2004) (quoting *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992) (internal quotation marks omitted)). Although there is an exception to the mootness doctrine for cases that are "capable of repetition, yet evading review," *Southern Pac. Terminal Co. v. ICC*, 219 U.S. 498, 515 (1911), because Plaintiffs' request for a preliminary injunction pertains only to the June 2023 WFP primary election, the alleged harm addressed by the text order on appeal is not "capable of repetition," *see Indep. Party of Richmond Cnty. v. Graham*, 413 F.3d 252, 256 (2d Cir. 2005). This Court has recognized, moreover, that "[t]o apply the 'capable of repetition yet evading review' exception to otherwise moot appeals of preliminary injunctions would . . . impermissibly evade the ordinary rule . . . that appellate courts review only 'final decisions' of a lower court."[4] *Id.*

---

[3] While Frentzel did not appear on the WFP's ballot, she ran as the Republican and Conservative parties' nominee.

[4] In *Pope v. County of Albany*, 687 F.3d 565 (2d Cir. 2012), we declined to dismiss an otherwise moot request for preliminary injunction because it was feasible to "*restore* the status quo" by vacating the elections at issue. *Id.* at 569. But Plaintiffs have not requested such relief here.

A facial challenge to the constitutionality of an election law may be reviewed even if the election at issue has concluded. *See Lerman v. Bd. of Elections in Cty. of New York*, 232 F.3d 135, 141 (2d Cir. 2000) (applying the mootness exception to evaluate, in the context of a facial challenge to a New York election law, only the constitutional questions presented, and forgoing analysis on any of the factors related to preliminary injunctive relief). Plaintiffs raise their facial challenge to Section 8-308(4) squarely in their request for declaratory relief. The district court never issued a final judgment regarding that request.[5] Thus, this request for declaratory relief, though raising "the same underlying legal questions that are being argued in this appeal," still "remain[s] pending before the district court," and "review by our court would unnecessarily and inappropriately preempt the district court's resolution of th[at] controversy." *Indep. Party of Richmond Cnty.*, 413 F.3d at 256, 257.

\* \* \*

Accordingly, we **DISMISS** this appeal of the district court's text order entered on September 12, 2023, as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[5] While the court opined on the constitutionality of Section 8-308(4), it did so only in the context of evaluating Plaintiffs' request for a preliminary injunction, in connection with its analysis of Plaintiffs' likelihood of success on the merits, the balance of hardships, and the interest of the public. Supplemental App'x at 75.